# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JOSHUA COTTON,** | CASE NO: 1:21-cv-793 |
| Plaintiff, | JUDGE _____ |
| v. | |
| **FEDEX GROUND PACKAGE SYSTEM, INC.,** | **PLAINTIFF'S COMPLAINT AND JURY DEMAND** |
| Defendant. | |

Now comes Plaintiff Joshua Cotton, by and through his legal counsel, and for his Complaint against Defendant FedEx Ground Package System, Inc., alleges as follows:

## PARTIES

1. Plaintiff Joshua Cotton is a resident of this judicial district.

2. Defendant FedEx Ground Package System, Inc. (hereinafter, "FedEx Ground" or "Defendant"), is a Delaware corporation. It operates FedEx Ground's North Cincinnati location in this judicial district.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's Complaint because Plaintiff is asserting claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112(a) (hereinafter, "ADA").

4. This Court has jurisdiction over Plaintiff's state law claims asserted herein, as those claims share a common nucleus of operative facts with his federal claim and arise out of the same occurrences.

5. Venue is proper in this Court because a substantial part of the actions giving rise to the claims occurred in this judicial district.

## STATEMENT OF FACTS

6. At all times relevant herein, Defendant was an "employer" covered by the ADA, and by Ohio laws prohibiting disability discrimination in employment contained in O.R.C. Chapter 4112.

7. Plaintiff is an insulin-dependent diabetic. As a result, he must closely monitor his blood sugar levels, and take periodic short breaks to eat in order to maintain those levels.

8. If the Plaintiff's blood sugar drops too low on a frequent basis, it can cause permanent damage to his internal organs (e.g., kidneys, liver).

9. Plaintiff is a person with a disability, as defined by the ADA and comparable Ohio law.

10. From December 3, 2019 through February 10, 2021, Plaintiff worked as a Package Handler at the Defendant's facility in Lebanon, Ohio.

11. Plaintiff was qualified for his position with Defendant.

12. Beginning in January 2021, Defendant's line manager (Greg) began to deny Plaintiff the short breaks he needed to eat and maintain his insulin levels.

13. On or about January 25, 2021, Plaintiff gave Defendant's line manager a doctor's note detailing his need for short eating breaks.

14. Despite this, Defendant's line manager continued to deny Plaintiff the accommodation he needed due to his disability.

15. Defendant's line manager also prohibited Plaintiff from carrying his cell phone, which he needed to monitor his blood sugar and insulin levels.

16. Plaintiff was able to perform the essential functions of his job with reasonable

accommodations from Defendant.

17. Plaintiff's proposed accommodations would not have imposed, and did not impose, an undue hardship on Defendant; nor did it pose a threat to the health or safety of himself or others.

18. On or about February 2, 2021, Plaintiff's doctor faxed a second note to Defendant, again stating Plaintiff's medical need for short breaks to eat to maintain his blood sugar levels.

19. On or about that same day, Plaintiff's father contacted Defendant to ensure that it had received the doctor's fax.

20. Despite the above, Defendant and its line manager continued to deny Plaintiff the short eating breaks needed when his blood sugar levels dropped. Instead, Defendant would just order Plaintiff to clock out and go home when he said he needed a break.

21. On or about February 7, 2021, Plaintiff's blood sugar levels dropped to a dangerous level, and he asked for a break to eat. As before, Defendant's manager refused, and told Plaintiff to go home.

22. Plaintiff left and attempted to drive home, but became so lightheaded that he stopped at a local United Dairy Farmers ("UDF").

23. Plaintiff called his father and attempted to purchase something quick to increase his sugar level; however, the Plaintiff was unable to make the purchase due to losing consciousness in his car.

24. Eventually, Plaintiff's father arrived at the UDF to provide Plaintiff with glucose tablets and orange juice.

25. On or about February 10, 2021, due to Defendant's repeated and continuing refusal to reasonably accommodate his disability, or even to engage in an interactive process with

him, Plaintiff was forced to resign for the sake of his health.

## CAUSES OF ACTION

26. Plaintiff re-avers the previous allegations and further alleges that Defendant violated the ADA, and Ohio's comparable laws prohibiting disability discrimination contained in O.R.C Chapter 4112, by failing to provide Plaintiff a reasonable accommodation, failing to engage in an interactive process with him, and forcing him to resign.

27. As a result of Defendant's unlawful actions, Plaintiff has been and is being damaged in the form of lost wages and benefits, humiliation, anxiety, embarrassment, fear, mental anguish, and emotional distress.

28. Defendant's actions were malicious and intentional, and exhibited a conscious disregard for Plaintiff's rights and safety that had a great probability of causing substantial harm.

**WHEREFORE**, Plaintiff hereby demands judgment against Defendant as follows:

1. For reinstatement to the position of Package Handler.
2. For an award of backpay and benefits in an amount to be determined at trial.
3. If reinstatement is determined to be inappropriate, an award of front pay in an amount to be determined at trial.
4. For compensatory and punitive damages in amounts to be determined at trial.
5. For his attorneys' fees, court costs, and expenses of litigation incurred in the prosecution of this action.
6. All other and further relief to which he may be entitled.

/s/ Stephen E. Imm

Stephen E. Imm (0040068)
FINNEY LAW FIRM, LLC
4270 Ivy Pointe Blvd., Suite 225
Cincinnati, OH 45245
(513) 943-5678
(513) 943-6669-fax
stephen@finneylawfirm.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

/s/ Stephen E. Imm

Stephen E. Imm (0040068)